**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4168-16T2

M.K.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

      Respondent-Respondent.

Submitted November 15, 2018 – Decided  December 7, 2018

Before Judges Simonelli and O'Connor.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2, Inc., attorneys for appellant (John P. Pendergast and Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

This appeal concerns a request made to the Division of Medical Assistance and Health Services (DMAHS) to transmit an application for an undue hardship waiver to the Office of Administrative Law (OAL) for a fair hearing. For the reasons that follow, we dismiss this appeal.

The following facts inform our review. On June 16, 2015, M.K. executed a Designation of Authorized Representative (DAR) appointing Joe Mandelbaum of Senior Planning Services as M.K.'s authorized representative to submit an application for Medicaid benefits and take any action necessary to establish M.K.'s eligibility (the Mandelbaum DAR). M.K. initialed the line that stated: "I understand that I may revoke this authorization at any time by notifying the [a]uthorized [r]epresentative and the CWA/ISS in writing."

In August 2015, Mandeldaum submitted an application to the Atlantic County Medicaid Long Term Care Unit (CWA) for long-term care Medicaid benefits for M.K. On November 18, 2015, the CWA notified Mandelbaum that M.K. was financially and medically eligible for long-term care Medicaid benefits subject to a 423-day penalty due to a transfer of assets for less than fair market value, in violation of N.J.A.C. 10:71-4.10, and benefits would commence

2

on July 29, 2016. Mandelbaum did not request a fair hearing or an undue hardship waiver of the penalty.

On December 8, 2015, SB2, a law firm representing the nursing home facility where M.K. was residing, advised the CWA that Stacey DiFilippo, an employee of the nursing home facility, had retained SB2 with regard to M.K.'s Medicaid application. SB2 submitted a DAR purportedly signed by M.K. on December 7, 2015, appointing DiFilippo as his authorized representative (the DiFilippo DAR). SB2 also requested an undue hardship waiver for M.K.

M.K. died on September 9, 2016. On March 9, 2017, SB2 advised DMAHS that it "ha[d] been retained to represent [M.K.] by his authorized representative[,]" and attached the DeFilippo DAR. SB2 alleged the CWA had verbally advised an attorney from SB2 that M.K.'s undue hardship waiver application was denied, but the CWA did not send a denial notice. SB2 requested that DMAHS transmit the matter to the OAL for a fair hearing.

In a March 10, 2017 email to DMAHS and an attorney from SB2, the CWA stated it did not advise the attorney that the request for a fair hearing was denied. The CWA also stated it advised the attorney that the DiFilippo DAR was incomplete and not valid because it lacked the dates that DiFilippo and the witness to her signature signed the form. The CWA further stated it had a valid

A-4168-16T2

DAR appointing Mandelbaum as M.K.'s authorized representative, it never received notice that the Mandelbaum DAR was revoked, and Mandelbaum was advised of the 423-day penalty and did not request a fair hearing. The CWA averred that SB2 had no authority to act on M.K.'s behalf and no standing to request the undue hardship waiver. Lastly, the CWA stated that even if the DiFilippo DAR was valid, it expired on M.K.'s death.

In a March 17, 2017 letter to SB2, DMAHS confirmed the statements in the CWA's March 10, 2017 email, and concluded there was no actionable waiver application before the CWA and no evidence that M.K.'s estate had retained SB2 to represent the estate's interests. This appeal followed.

42 C.F.R. § 435.923(c) provides as follows:

> The power to act as an authorized representative is valid until the applicant or beneficiary modifies the authorization or notifies the agency that the representative is no longer authorized to act on his or her behalf, or the authorized representative informs the agency that he or she no longer is acting in such capacity, <u>or there is a change in the legal authority upon which the individual or organization's authority was based</u>. Such notice must be in accordance with [42 C.F.R. § 435.923(f)] of this section and should include the applicant or authorized representative's signature as appropriate.
>
> [(Emphasis added).]

A DAR is analogous to a limited power of attorney. See N.J.S.A. 46:2B-8.2 ("A power of attorney is a written instrument by which an individual known as the principal authorizes another individual . . . known as attorney-in-fact to perform specified acts on behalf of the principal as the principal's agent"). "A power of attorney must be in writing, duly signed and acknowledged in the manner set forth in [N.J.S.A.] 46:14-2.1." N.J.S.A. 46:2B-8.9. The acknowledgement must include "the date on which the acknowledgement was taken." N.J.S.A. 46:14-2.1(c)(5).

"The death of a principal who executed a written power of attorney, durable or otherwise, does not revoke or terminate the agency as to the attorney-in-fact or other person who, <u>without actual knowledge of the death of the principal</u>, acts in good faith under the power." N.J.S.A. 46:2:-8.5(a) (emphasis added). Further,

> [a] power of attorney is revoked when the principal has caused all executed originals of the power of attorney to be physically destroyed; or when the principal has signed and caused to be acknowledged in the manner set forth in [N.J.S.A. 46:14-2.1] a written instrument of revocation; or when the principal has delivered to the attorney-in-fact a written revocation. Unless expressly so provided, the subsequent execution of another power of attorney does not revoke a power of attorney.
>
> [N.J.S.A. 46:2B-8.10.]

A-4168-16T2

The DiFilippo DAR did not include the date on which DiFilippo and the witness to her signature signed the form. See N.J.S.A. 46:14-2.1(c)(5). In addition, the Mandelbaum DAR was not revoked in accordance with the revocation terms of Mandelbaum DAR, see 42 C.F.R. § 435.923(c), and N.J.S.A. 46:2B-8.10, as there was no evidence that M.K. notified Mandelbaum and the CWA in writing that he had revoked the Mandelbaum DAR. Accordingly, the DiFilippo DAR was not valid and DiFilippo had no authority to act on M.K.'s behalf.

Even assuming the DiFilippo DAR was valid, it terminated upon M.K.'s death on September 9, 2016.[1] There can be no question that DiFilippo knew M.K. had died, as she worked at the nursing facility where he resided. See N.J.S.A. 46:2:-8.5(a). Moreover, M.K. was deceased for six months before SB2, at Difilippo's behest, requested that DMAHS transmit the matter to the OAL for a fair hearing. Thus, DiFilippo had no authority to act on M.K.'s behalf after his death, including pursuing this appeal.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Appellant did not address this issue.

A-4168-16T2